UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSHUA LEWIS,                          )
          Plaintiff,                   )
                                       )   Civ. Action No. 18-10375-PBS
          v.                           )
                                       )
BOSTON MEDICAL CENTER, et al.,         )
          Defendants.                  )

ORDER

June 20, 2018

SARIS, C.D.J.

By Memorandum and Order dated April 25, 2018, plaintiff was directed to show cause, in writing, why this action should not be dismissed as time barred.  See Docket No. 7.  The Memorandum and Order explained that Lewis' civil rights claims, premised on alleged constitutional violations arising out of his 2006 arrest and subsequent prosecution, are time barred because they accrued, at the latest, at the time of the 2013 favorable termination of his conviction.

The Court's records indicate that plaintiff has not responded to the Memorandum and Order and the time to do so expired.  It is a long-established principle that this Court has the authority to dismiss an action sua sponte for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders.  Fed. R. Civ. P. 41(b).  "The authority of a federal trial court to dismiss a plaintiff's action ... because of his failure to prosecute cannot seriously be doubted," and

"is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, ... disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]") (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

While the court exercises this authority with caution, dismissal is appropriate in the case at hand. Accordingly, Plaintiff's failure to comply with the court's Memorandum and Order warrants dismissal of this action.

Accordingly, for the failure to comply with this Court's directive and for the substantive reasons set forth in the prior Memorandum and Order (Docket No. 7), this action is hereby DISMISSED in its entirety.

SO ORDERED.

                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              CHIEF UNITED STATES DISTRICT JUDGE